# Scranton City *v.* Tatarunas, Appellant.

*Criminal law—Gambling house—Summary conviction—Municipal ordinance—Constitutional law.*

A city ordinance declared it unlawful "for any person either as proprietor, lessee, agent or employee to conduct games played for money or other things of value," and provided a penalty of fine or imprisonment for a violation of the ordinance. Under this ordinance a summary conviction was sustained by the court below against a licensed saloonkeeper who permitted men to play cards for drinks in his barroom, and personally served the drinks. It was claimed that the ordinance was unconstitutional. The case was heard on appeal by six judges who upon the general question whether the judgment should be affirmed or reversed were equally divided in opinion. The judgment of conviction was, therefore, affirmed.

Argued March 5, 1908. Appeal, No. 40, March T., 1908, by defendant, from order of C. P. Lackawanna Co., March T., 1907, No. 992, dismissing exceptions to record of summary conviction in case of Scranton City v. Michael Tatarunas.

Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Certiorari to summary conviction.

The record of the magistrate was as follows:

Warrant issued March 15, 1907, on the information of John Davis, lieutenant of police, defendant charged with violation of sec. 3 of the ordinance file of select council, No. 47, 1904, entitled "an ordinance prohibiting the operation of gambling houses in the City of Scranton, the frequenting of the same and providing penalties therefor. "  Secs. 3 and 6 of said ordinance reading as follows: "Sec. 3. It shall be unlawful for any person either as proprietor, lessee, agent, or employee to conduct games played for money or other thing of value, or sell policies, and upon arrest and conviction shall be fined or imprisoned as hereinafter provided.  Sec. 6. Any person acting as proprietor, lessee, agent or employee, who is conducting any game for money or other thing of value or selling policies, may be arrested by warrant or upon view by any regular police officer of the city and taken before the mayor or any police magistrate of the city, and upon conviction shall be fined not less than twenty-five ($25.00) dollars nor more than two hundred ($200.00) dollars, and in default of the payment of the same may be imprisoned in the jail of Lackawanna County for a period not exceeding thirty days."

Said offense was committed at 2103 Jackson street, city of Scranton, Lackawanna county, Pennsylvania, in the manner following, to wit: That the said defendant was the proprietor of a hotel at 2103 Jackson street in said city of Scranton and in said hotel on March 15, 1907, games were played for money.

Now, March 15, 1907, defendant brought up and being charged as aforesaid pleads "not guilty."  Robert Armstrong, patrolman, sworn, said in substance, that on March 15, 1907, he went to 2103 Jackson street, Scranton, aforesaid, and there saw three persons, to wit: Andrew Mark, James Vanatiskie and George Smith attired in mining clothes, playing games with cards and passing money one to the other.  He found twenty cents on the table in front of George Smith, fifty-five cents in

front of James Vanatiskie. The defendant, Michael Tatarunas, was present attending to the bar in said room in said hotel and serving drinks to the men named.

Ben Gilbert, patrolman, sworn, corroborated. Michael Tatarunas, the defendant, sworn, said the three men named were playing cards for the drinks only and that he had no part in the game.

James Vanatiskie and Andrew Mark sworn, corroborated Michael Tatarunas.

" Now, March 15, 1907, after hearing as aforesaid, I find the defendant guilty as charged, to wit: that he did violate sec. 3 of ordinance of the city of Scranton. No. 47 file of select council, year 1904, by conducting a game played for money in his hotel at 2103 Jackson street, city of Scranton aforesaid and for said offense I fine him the sum of $100 to be paid to the use of the city of Scranton and in default thereof he is to stand committed to the common jail of Lackawanna county for a period of thirty days. Now March 15, 1907, writ of certiorari received from the court of common pleas of Lackawanna county.

" I certify that the above is a correct copy of the proceedings had before me in the above-entitled case. Witness my hand and seal this third of May, 1907."

The defendant alleged that the conviction was improper, as the ordinance was unconstitutional, depriving him of trial by jury, being oppressive in character and an unreasonable exercise of the police power. He also alleged that the evidence did not show that he had violated the ordinance.

Defendant's exceptions were dismissed.

*Error assigned* was in dismissing defendant's exceptions.

*George W. Maxey,* for appellant, cited: White's Constitution of Pennsylvania, p. 67; Van Swartow v. Com., 24 Pa. 131; Byers v. Com., 42 Pa. 89; Northern Liberties v. Gas Co., 12 Pa. 318; Crader v. Com., 4 Pa. Dist. Rep. 731; Com. v. Borden, 61 Pa. 272.

·*H. R. Van Deusen,* assistant city solicitor, with him *David J. Davis,* city solicitor, for appellee, cited: Van Swartow v. Com.,

24 Pa. 131; Com. v. Andrews, 24 Pa. Superior Ct. 571; State v. Crummey, 17 Minn. 72; Greenville v. Kemmis, 58 S. C. 427; Greenwood v. State, 65 Tenn. 567; Robbins v. People, 95 Ill. 175.

PER CURIAM, April 20, 1908:

Upon the general question whether this judgment should be affirmed or reversed the six judges who heard the case are equally divided in opinion. Therefore the judgment is affirmed.